**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-60390
Summary Calendar

SAMUEL L. MITCHELL,

Plaintiff-Appellant,

VERSUS

WARING OIL COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98cv157

January 31, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Samuel L. Mitchell ("Mitchell") brought suit claiming that he was discharged from his employment with Defendant-Appellee Waring Oil Company ("Waring") in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101-12213 (1995) ("ADA"). Mitchell now appeals the district court's grant of summary judgment in favor of Waring. We affirm.

Mitchell was employed by Waring as a convenience store clerk from June, 1996 to December, 1996. In late November, 1996, a supervisor asked Mitchell to change an overhead air filter in the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

store.  Mitchell declined, explaining that he could not raise his left elbow above his shoulder.[2]  When Mitchell declined a second request that he change the filter, he was terminated.

Mitchell filed suit, claiming, *inter alia*, that he was discharged "because of his disability or perceived disability." The district court granted summary judgment to Waring because Mitchell's case failed on the threshold issue of showing that he suffers from, or was perceived by defendant to suffer from, a disability cognizable under the ADA.

The term "disability" is defined by the ADA as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2)(1995).  Mitchell conceded in district court that his inability to fully raise his left arm does not constitute an impairment which "limits one or more of the major life activities" as contemplated by the ADA.  However, he contended that he was "regarded as having such as impairment."  In order to make a prima facie showing of a disability under the "regarded as" prong, a plaintiff must produce enough evidence for a reasonable trier of fact to conclude that the plaintiff was perceived by the defendant as having an impairment which, if it existed as perceived

_____

[2]Plaintiff had been diagnosed with a "probable rotator cuff tear," although it is disputed whether the doctor's note setting out the diagnosis was furnished to the defendant before Mitchell's termination.

by the defendant, would have substantially limited one or more of the plaintiff's major life activities. *See Deas v. River West, L.P.*, 152 F.3d 471, 476 (5th Cir. 1998). The district court concluded that the summary judgment evidence did not create a genuine issue of fact concerning whether Waring perceived Mitchell as having a substantially limiting impairment.

On appeal, Mitchell contends that the district court erred in granting summary judgment to Waring because the record contains evidence that Waring asked Mitchell questions prohibited by the ADA prior to offering him employment and later used the answers as a basis for his dismissal. Waring's application contained the following language:

> While physical disabilities do not prevent your employment with this company, you may be required to carry out some tasks that involve physical activity. Because of this please answer the following questions:
>
>> Lifting of items up to 35 lbs. may be required in the course of your employment. Are you able to do so? If no, please explain.
>>
>> Constant physical activity (assisting customers, stocking shelves, cleaning store and property, etc.) is necessary. Are you able to be physically active the entire shift? If no, please explain.

These questions are not prohibited by ADA. Employers may make pre-employment inquiries concerning an applicant's ability to perform specific job functions. *See EEOC Interpretive Guidance*, § 1630.14(a). Therefore, Mitchell's contention that the use of "improper" preemployment questions is evidence of an ADA violation is without merit.

Mitchell next contends that the written notice Waring gave him

3

prior to termination, as well as the termination notice itself, gives rise to a fact question on his allegations that Waring regarded him as having a cognizable impairment.  Specifically, the warning states, "On your application, you did not show any disabilities.  Therefore you should be able to perform all job duties that are required."  Similarly, on his termination notice, Waring notes that Mitchell "said on application there were no disabilities."  First, these notices unequivocally take the position that Mitchell has no disability.  Further, the use of the term "disability" by Waring in this correspondence does not evoke the specialized definition set out in the ADA.  We therefore find no error in the district court's conclusion that there was no genuine issue of material fact on the question of whether Waring regarded Mitchell as having a disability cognizable under the ADA.

For the foregoing reasons, the district court's grant of summary judgment for Waring is affirmed.

AFFIRMED.